IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

**BENJAMIN B. FOWLER**                                                                **PLAINTIFF**

**V.**                                                   **CIVIL ACTION NO.: 1:20-CV-256-DAS**

**KILOLO KIJAKAZI, ACTING**
**COMMISSIONER OF SOCIAL SECURITY**                         **DEFENDANT**

## **MEMORANDUM OPINION AND JUDGMENT**

The plaintiff, Benjamin B. Fowler, seeks judicial review of the Social Security Administration's decision to deny his request of out-of-time appeal by the Appeals Council. He also requested a reopening of his case which was not addressed by the Appeals Council. Fowler suffers from life-long profound intellectual impairment. On January 29, 2019, Fowler, then in his thirties, received a fully favorable decision finding him disabled because his intellectual impairment met Listing 12.05. The award was effective as of January 1, 2015, an amended date of onset, requested by Fowler's counsel at his hearing. The original onset date was prior to Fowler's twenty-second birthday. The amended onset date was requested because the ALJ hearing the case mistakenly believed that Fowler's earnings in 2014 rose to the level of significant gainful activity. (R. 86-87) Fowler's earnings record is based on part-time, minimum wage work in a sheltered environment and his earnings did not exceed the regulatory limits for significant gainful activity.

Because the onset date established in his case is after his twenty-second birthday, Fowler is limited to collecting benefits on his own wage record. If the original onset date is used., Fowler would be eligible to have his benefits calculated on his father's earning record.

It is clear on the record that Benjamin Fowler did not become disabled on the amended date of onset but has suffered from a profound intellectual disability his entire life which

1

precludes competitive employment. He was in special education during his school years and received a certificate of completion instead of a diploma. The administrative record shows IQ testing at twenty-two years revealed verbal, performance, and full-scale IQ's score of 61, 57 and 55, respectively.

The ALJ's fully favorable decision was issued on January 29, 2019. Fowler had sixty days from the date of the decision, (plus five days for mailing), in which to file an appeal of the decision to the Appeals Council. After the favorable decision, the plaintiff's mother learned that earning benefits based on his father's work record was a possibility and even later discovered the amended onset date precluded benefits calculated on his father's earning record. With this knowledge, the Fowlers had their present counsel seek further review. Counsel filed for leave to appeal out of time and to reopen the case. The Appeals Council denied the motion for the late appeal finding good cause was not shown. Its decision pretermits mention of the request to reopen the claim.

### **Analysis**

The plaintiff seeks to have the date of onset amended back to his twenty-second birthday, years before his application, because doing so will allow him to receive payments in the future based on his father's earning record. With his appeal, the plaintiff makes three arguments. He argues the ALJ erred in directing his attorney to amend the onset date. He also asserts that the Social Security Administration failed to properly develop the record even before the ALJ became involved. The third argument is that the Appeals Council erred in not allowing the out-of-time appeal of the ALJ's decision and/or in not granting the request to reopen the case.

The Commissioner argues that the only question before this court is whether the Appeals Counsel abused its discretion when it dismissed Fowler's appeal as untimely.

The ALJ's opinion was issued on January 29, 2019, and the appeal was not filed until March 19, 2020, about eleven months late. While the court has jurisdiction to hear this appeal, pursuant to *Smith v. Berryhill*, 139 S.Ct. 1765, 1771 (2019), despite the procedural default, it is not at liberty to address the decision on the merits, but "must restrict it review to the procedural ground that was the basis for the Appeals Council dismissal and allow the agency to address any residual substantive questions in the first instance." *Id.* at 1780.

Here the Appeals Council found that Fowler had not shown "good cause" for the delay in filing the appeal. Good cause can be shown under the regulations when,

> (1) You were seriously ill and were prevented from contacting us in person, in writing, or through a friend, relative, or other person.
> (2) There was a death or serious illness in your immediate family.
> (3) Important records were destroyed or damaged by fire or other accidental cause.
> (4) You were trying very hard to find necessary information to support your claim but did not find the information within the stated time periods.
> (5) You asked us for additional information explaining our action within the time limit, and within 60 days of receiving the explanation you requested reconsideration or a hearing, or within 30 days of receiving the explanation you requested Appeal Council review or filed a civil suit.
> (6) We gave you incorrect or incomplete information about when and how to request administrative review or to file a civil suit.
> (7) You did not receive notice of the determination or decision.
> (8) You sent the request to another Government agency in good faith within the time limit and the request did not reach us until after the time period had expired.
> (9) Unusual or unavoidable circumstances exist, including the circumstances described in paragraph (a)(4) of this section, which show that you could not have known of the need to file timely, or which prevented you from filing timely. 20 C.F.R. § 404.911(b).

The Appeals Council found that Fowler did not establish good cause under these regulations despite the fact that his intellectual deficits are undisputed. Per SSR 91-5p, Fowler's intellectual incapacity cannot salvage the late attempt to appeal because he was represented by an

3

attorney when the ALJ made his decision. *Pol'y Interpretation Ruling Titles II & Xvi: Mental Incapacity & Good Cause for Missing the Deadline to Request Rev.*, SSR 91-5P (S.S.A. July 1, 1991). Consequently, the court finds the Appeals Council did not abuse its discretion, and the decision to deny the out-of-time appeal shall be affirmed.

The plaintiff points out that he not only sought leave to file a late appeal but requested the case be reopened. The Appeals Council did not mention or rule on the request for reopening, but as the plaintiff concedes in his brief, a decision declining to reopen a case is not subject to review by the federal courts. In the absence of a colorable claim of constitutional violation, the courts are generally without subject matter jurisdiction to review such a refusal. *Califano v. Sanders*, 430 U.S. 99, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977). The Appeals Council has not expressly rejected the request for opening but whether the rejection is implicit, or inadvertent, this court is without power to review a denial. *Deckard v. Astrue*, 2008 WL 3876543(5th Cir. Aug. 21, 2008) (Trial court properly dismissed appeal from denial of motion to reopen where the plaintiff alleged that she lacked the mental capacity to contest an earlier denial of benefits when the decision was issued.)

Accordingly, the court finds that the final decision of the Commissioner, must be and it is hereby AFFIRMED.

SO ORDERED this the 11th day of February, 2022.

                                              **/s/ David A. Sanders**
                                              **U.S. MAGISTRATE JUDGE**